**RECEIVED**

NOV 1 3 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CHARLIE D. BARKLEY, JR., ET AL. | CIVIL ACTION NO. 07-1631 |
| VERSUS | JUDGE DOHERTY |
| UNITED STATES OF AMERICA, ON BEHALF OF THE U.S. DEP'T OF TREASURY, ON BEHALF OF U.S. INTERNAL REVENUE SERVICE | MAGISTRATE JUDGE METHVIN |

**MEMORANDUM OPINION AND ORDER**

Appellants Charlie D. Barkley, Jr. and Stacey T. Barkley ("debtors") bring this appeal from an order of the United States Bankruptcy Court for the Western District of Louisiana, entered August 28, 2007, in the matter entitled *In re: Charlie D. Barkley, Jr. and Stacey T. Barkley*, Case No. 07-50357. [BR Doc. 59]. The debtors appeal the Bankruptcy Court's denial of their motion to compel the Internal Revenue Service to Consider Offer in Compromise. The debtors contend the Bankruptcy Court's August 28, 2007 order is a final order, but out of an abundance of caution, the debtors have also filed a motion for leave to appeal [Doc. 3], which is pending before the Court at this time.[1]

**I.    Factual and Procedural Background**

Debtors filed a Chapter 11 bankruptcy on March 27, 2007 in the United States Bankruptcy Court for the Western District of Louisiana. On August 28, 2007, the Bankruptcy Court denied debtors' motion to compel the Internal Revenue Service to Consider Offer in Compromise. [BR. Doc. 74]. On September 7, 2007, the debtors filed a notice of appeal [BR Doc. 78; Doc. 1], as well

---

[1] This Court notes that the instant motion is not opposed by the United States of America. Nevertheless, the absence of an objection from the USA does not cure the underlying deficiencies in either the notice of appeal or the motion for leave to appeal.

as a motion for leave to appeal [BR. Doc. 79; Doc. 3].

In their motion for leave to appeal, the debtors contend they "believe" the Bankruptcy Court's August 28, 2007 order denying their motion to compel is a final order in that, if the IRS does not consider the debtors' offer in compromise proposed through their Chapter 11 plan, the debtors "will not be able to propose a feasible plan." Nevertheless, the debtors state the motion for leave to appeal is filed "out of an abundance of caution" in the event this Court determines the Bankruptcy Court's August 28, 2007 order is an interlocutory order for which the debtors need leave of court to appeal.

For the following reasons, to the extent the debtors seek to appeal the Bankruptcy Court's August 28, 2007 order *as a final order as of right*, such appeal is DENIED. Furthermore, to the extent that the debtors seek leave to appeal the Bankruptcy Court's August 28, 2007 order *as an interlocutory order*, the motion for leave to appeal is also DENIED.

## II. Law and Discussion

### A. Appeal of Bankruptcy Orders to District Court

The source of district court jurisdiction over bankruptcy appeals can be found in 28 U.S.C. §158(a). Pursuant to 28 U.S.C. §158(a):

The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

*and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.* An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. §158(a) (emphasis added).

Rule 8001 of the Bankruptcy Rules addresses the manner of taking appeals in bankruptcy cases. Rule 8001(a) states "[a]n appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken *by filing a notice of appeal* with the clerk within the time allowed by Rule 8002." Bankr. Rule 8001(a) (emphasis added). Rule 8001(b) states "[a]n appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken *by filing a notice of appeal*, as prescribed in subdivision (a) of this rule, *accompanied by a motion for leave to appeal* prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008." Bankr. Rule 8001(b) (emphasis added). Thus, pursuant to Rule 8001(a) and (b), a notice of appeal is filed *both* when a party appeals a final bankruptcy order as of right, *and* when a party seeks leave of court to appeal an interlocutory bankruptcy order.[2]

### B. The Debtors' Appeal from the Bankruptcy Court's August 28, 2007 Order as a Final Order

Because a notice of appeal is required to be filed whether a party is appealing a final bankruptcy order or an interlocutory bankruptcy order, and because the debtors argue they "believe" the Bankruptcy Court's August 28, 2007 order is a final order and have therefore filed a notice of appeal, it is unclear to this Court whether the notice of appeal filed by the debtors is filed pursuant to Bankruptcy Rule 8001(a) as a stand-alone appeal of a final bankruptcy order as of right or *only*

---

[2] Bankruptcy Rule 8002(a) states a notice of appeal must be filed shall within 10 days of the date of the entry of the judgment, order, or decree appealed from. The Court was unable, in its own independent research, to determine the time delays for the filing of a motion for leave to appeal. However, neither party disputes that the instant motion for leave to appeal is timely; the Bankruptcy Court's order was signed on August 28, 2007, and the notice of appeal and motion for leave to appeal were filed on September 7, 2007. Therefore, for purposes of this motion, the Court assumes the motion for leave to appeal is timely filed.

as an accompaniment to the motion for leave to appeal filed pursuant to Rule 8001(b). The debtors appear to be attempting to cover both bases. Clearly, however, the August 28, 2007 order is either final or it is interlocutory; it cannot be both.

After review of the debtors' motion for leave to appeal, this Court concludes the debtors have not carried their burden of showing the Bankruptcy Court's August 28, 2007 order is a final order. The debtors argue the order is a final order because in the absence of the IRS considering their compromise offer, they are unable to propose a feasible plan for confirmation. The debtors cite to no statutory or jurisprudential authority supporting this argument. Furthermore, the inference of this argument is that the Bankruptcy Court's order is not final at all, inasmuch as there has been no *proposal* of a plan for confirmation, much less a *confirmation* of a Chapter 11 plan.

Considering the foregoing, to the extent the debtors have attempted to appeal the Bankruptcy Court's August 28, 2007 order as a final order by filing a stand-alone notice of appeal, such appeal is improvidently taken and is DENIED for failure of the plaintiffs to carry their burden of showing that the August 28, 2007 order is a final appealable order.

### C.    The Debtors' Motion for Leave to Appeal

Pending before the Court is the debtors' motion for leave to appeal. Section 158(a) authorizes a district court to grant leave to appeal an interlocutory order from a bankruptcy court, but does not indicate the standard a district court should use in determining whether to grant leave to appeal. Additionally, the Fifth Circuit has not set down a hard and fast rule for determining when an interlocutory appeal should be allowed. See *Ichinose v. Homer National Bank*, 946 F.2d 1169, 1176 (5th Cir.1991); *In re Hunt International Resources Corporation*, 57 B.R. 371, 372 (N.D. Tex. 1985). The Fifth Circuit has, however, stated "[t]he decision to grant or deny leave to appeal a

bankruptcy court's interlocutory order is committed to the district court's discretion." *Stumpf v. McGee (In re O'Conner)*, 258 F.3d 392, 399-400 (5th Cir.2001), cited in *In re Verges*, 2007 WL 955042, *1 (E.D. La. 2007).

In *Ichinose*, the court stated:

> Nonetheless, the vast majority of district courts faced with the problem [of having no articulable standard] have adopted the standard under 28 U.S.C. §1292(b) for interlocutory appeals from district court orders. [Internal citations omitted]. This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation. *Neshaminy*, 81 B.R. at 303.

946 F.2d at 1176. The *Ichinose* court expressly declined to state whether consideration of the Section 1292(b) factors is proper in the context of a motion for leave to appeal brought pursuant to Section 158(a).

Guided by the Fifth Circuit's pronouncement in *Ichinose*, district courts within the Fifth Circuit have tended to consider the Section 1292(b) factors in considering whether to grant leave to appeal an interlocutory order from a bankruptcy court.[3] *See, e.g., Powers v. Montgomery*, 1998 WL 159944, *2 (N.D. Tex. 1998) ("While there is no set standard in this Circuit for determining whether to grant leave to appeal, the Fifth Circuit has acknowledged that the large majority of district courts faced with the problem have adopted the standard under 28 U.S.C. §1292(b) for interlocutory appeals from Bankruptcy Court orders."); *In re Turner*, 1996 WL 162110, *1 (E.D. La. 1996) ("Because §158(a) contains no criteria to guide the exercise of my discretion in granting or denying an interlocutory appeal, district courts have looked to standards governing interlocutory appeals in

---

[3] In the absence of a definitive Fifth Circuit standard governing the issue before the Court, reference is made to the decisions of district courts within this circuit for guidance.

28 U.S.C. §1292(b).").

In most of these cases, the district courts have added, "[b]ecause interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *Smith v. AET Inc.*, Ltd. 2007 WL 1644060, *5 (S.D. Tex. 2007), citing *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D.Tex.1985). Thus, pursuant to the legislative history of §1292(b), "interlocutory appeals should be granted only in *exceptional situations* where allowing such an appeal would avoid protracted and expensive litigation." *See, e.g., In re Turner*, 1996 WL 162110, *1 (emphasis added), citing *Clark-Dietz & Assoc. v. Basic Construction*, 702 F.2d 67, 69 (5th Cir. 1983); *Powers*, 1998 WL 159944, *2 ("Leave to appeal a bankruptcy court's interlocutory order should be granted only in circumstances which justify overriding the general policy of not allowing such appeals."); *In re Global Marine, Inc.*, 108 B.R. 1007, 1009 (S.D.Tex. 1988) ("The other standard frequently employed is whether "exceptional circumstances" warrant a grant of immediate appellate review.'").

In the instant case, the debtors fail to address the factors governing this Court's discretion to grant the motion for leave to appeal as summarized hereinabove. Therefore, the Court concludes the debtors have failed to carry their burden of establishing that they are entitled to the relief requested, and for this reason, the motion for leave to appeal is DENIED. *See, e.g., In re Verges*, 2007 WL 955042, *1 (E.D. La. 2007) (motion for leave to appeal denied where debtor failed to address the requisite elements governing court's discretion to grant leave to appeal). Moreover, and without specifically so finding, this Court notes it does not appear that this appeal presents the "exceptional circumstances" that typically warrant the granting of an immediate appeal in a bankruptcy proceeding.

### III. Conclusion

For the reasons stated herein, to the extent the debtors seek to appeal the Bankruptcy Court's August 28, 2007 order *as a final order as of right*, such appeal is DENIED. Furthermore, to the extent the debtors seek leave to appeal the Bankruptcy Court's August 28, 2007 order *as an interlocutory order*, the motion for leave to appeal is also DENIED. Pursuant to Rule 8016(a) of the Federal Rules of Bankruptcy Procedure, the Clerk of Court is DIRECTED to prepare, sign and enter judgment upon receipt of and in accordance with this Memorandum Opinion and Order.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___13___ day of _____, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE